UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BAY MAR for ANTHONY MAR,
Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,
Defendant.

Case No.: 18-cv-01015-W-JLB

**SCHEDULING ORDER FOR JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

On May 21, 2018, Plaintiff filed a complaint seeking judicial review of Defendant's denial of disability benefits under the Social Security Act. On August 24, 2018, Defendant filed her answer and the administrative record. District Judge Thomas J. Whelan has referred this matter to Magistrate Judge Jill L. Burkhardt on a report and recommendation basis. Pursuant to Rule 16.1(e)(3) of the Civil Local Rules, an Early Neutral Evaluation/Case Management Conference is not required to be held in this case. The Court hereby enters the following scheduling order:

## I. STATUS CONFERENCE

A telephonic, counsel-only Status Conference is hereby SET for **August 31, 2018** at **11:00 AM** before Magistrate Judge Jill L. Burkhardt. For purposes of the Conference, counsel shall place a joint call to Judge Burkhardt's chambers at 619-557-6624.

## II. SUBMISSION OF MAGISTRATE JUDGE CONSENT FORM

No later than **September 12, 2018**, Defendant shall provide Plaintiff's counsel with an executed copy of the attached consent form, titled Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. Pursuant to Civil Local Rule 73.1, if (and only if) **all**

parties have consented to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) **in paper format** at the Clerk's Office by **September 14, 2018**. If the paper format filing reflects consent by **all** parties, then the form(s) will be forwarded to the assigned district judge for approval. The consent form(s) **should not be filed with the court electronically** through its Case Management/Electronic Case Filing (CM/ECF) system. No consent form will be made available, nor will its contents be made known to any judicial officer, unless all parties have consented to the reference to a magistrate judge. The parties are free to withhold consent without adverse substantive consequences. Questions related to the consent form(s) should be directed only to the clerk's office at 619-557-5600. Please do not call chambers' staff with questions related to the consent form(s).

## III. JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

If the parties cannot resolve the matter in settlement discussions before the deadlines set forth in this order, the parties shall electronically file a Joint Motion for Judicial Review of Final Decision of The Commissioner of Social Security ("Joint Motion for Judicial Review") in the manner, and according to the schedule, set forth below. In light of the Joint Motion for Judicial Review requirements set forth in this order, the parties are hereby excused from Civil Local Rule 7.1(e)(6). The parties shall cooperate in preparing the Joint Motion for Judicial Review, and sanctions may be imposed for any failure to cooperate. A Joint Motion for Judicial Review that is not signed by counsel for both parties may be rejected and stricken by the Court. A Joint Motion for Judicial Review that is electronically filed, but that is not prepared in the manner required by this order, may be stricken, in which event the parties will be required to cure the defects by electronically filing an Amended Joint Motion for Judicial Review.

## IV. CONTENT OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall include a brief summary of the case, the parties' positions with respect to the Administrative Law Judge's ("ALJ") summary of the

material medical evidence and testimony of record, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested. Any issue not raised in the Joint Motion for Judicial Review may be deemed to have been waived. The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.[1] When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the administrative record for all evidence relied upon ["AR ___"]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

## V. FORM OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

### A. Summary of the Case

Plaintiff shall provide a brief summary of the relevant background facts and procedural history. The Commissioner need not respond to plaintiff's summary, unless the Commissioner believes that plaintiff's summary misstates, mischaracterizes, or omits any material facts or proceedings.

---

[1] The parties should cite only controlling case authority (*i.e.*, decisions of the United States Supreme Court or the Ninth Circuit Court of Appeals). If there is no controlling authority, the decisions of other courts may be cited.

B. Medical Evidence

Plaintiff shall state whether plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, plaintiff shall either (i) specify the respects in which plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (ii) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, the Commissioner shall either (i) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (ii) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

C. Statement of Disputed Issues

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff is raising as the grounds for reversal and/or remand. [Example: "Issue No. 1 – Whether the ALJ properly evaluated plaintiff's subjective complaints of pain."]

D. Issues and Contentions

1. Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]
    a. Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth plaintiff's contentions (including citations to the page(s) of the administrative record recited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]
    b. The Commissioner's Contentions Regarding Issue No. 1 [The Commissioner shall concisely set forth The Commissioner's

contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

c. Plaintiff's Reply Regarding Issue No. 1 [Plaintiff may, but is not required to, reply to the contentions actually raised by the Commissioner; provided, however, that any such reply does not exceed 56 continuous lines of text per issue.]

2. Issue No. 2, etc. [Repeat the foregoing format as needed.]

E. Relief Requested

1. Plaintiff's statement of relief requested.

2. The Commissioner's statement of relief requested.

## VI. SCHEDULE FOR PREPARATION & FILING OF JOINT MOTION FOR JUDICIAL REVIEW

The Joint Motion for Judicial Review shall be prepared and electronically filed according to the following schedule:

A. No later than **September 20, 2018**, plaintiff's counsel shall prepare and deliver to the SAUSA or AUSA a draft of plaintiff's portions of the Joint Motion for Judicial Review (prepared as described in section V *supra*). Plaintiff's counsel shall provide the SAUSA or AUSA and the Office of Regional Counsel with a printed copy of plaintiff's portions of the Joint Motion for Judicial Review and two computer-readable electronic copies on a USB thumb/flash drive or via e-mail (one electronic copy must be in an editable word processing format, such as WordPerfect or Microsoft Word, and the other electronic copy should be in .pdf format). The draft of plaintiff's portions of the Joint Motion for Judicial Review shall comply with the format and content requirements set forth elsewhere in this order.

B. No later than **October 11, 2018**, the Commissioner shall provide to plaintiff's counsel the Commissioner's portions of the Joint Motion for Judicial Review and shall

deliver a printed and two computer-readable copies[2] of the Commissioner's portions of the Joint Motion for Judicial Review to plaintiff's counsel. [The Court recognizes that differing word-processing platforms may make incorporation of the entire Joint Motion for Judicial Review into a single electronic document difficult. If the parties do not use the same word-processing platform, the parties may break the Joint Motion for Judicial Review into different sections on different pages as necessary.]

C. No later than **October 25, 2018**, plaintiff's counsel shall incorporate into the Joint Motion for Judicial Review any reply that plaintiff may wish to make to the Commissioner's contentions, and shall deliver a completed copy of the Joint Motion for Judicial Review signed by plaintiff to the SAUSA or AUSA for review, signature and electronic filing. [*See* paragraph B *supra* regarding incorporation and breaking of document.] Plaintiff shall not use the reply to raise new issues that the Commissioner has not had an opportunity to address.

D. No later than **November 1, 2018**, the SAUSA or AUSA shall sign and electronically file the Joint Motion for Judicial Review.

## VII. ORAL ARGUMENT

Unless otherwise ordered, the issues presented in any Joint Motion for Judicial Review shall be deemed submitted for decision without oral argument.

## VIII. MOTIONS TO AMEND AND COMPLIANCE WITH THIS ORDER

The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any motion requesting a modification of this scheduling order should be filed no less than **10 calendar days** in advance of the dates and deadlines at issue and shall comply with Section III.C. of

[2] As was required of plaintiff's counsel, one electronic copy must be in an editable word processing format, such as WordPerfect or Microsoft Word, and the other electronic copy should be in .pdf format.

Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules (available on the district court's website).

The parties are **cautioned** that failure to comply with the deadlines ordered may constitute a consent to dismissal, remand, or other sanctions. Fed. R. Civ. P. 16(f); CivLR 7.1(f)(2)(b), 83.1. If a party fails to meet a deadline set forth in Section VI above and the other party, after contacting counsel about the lapse, concludes that it needs the assistance of the Court, the party waiting for the delayed document may raise the matter with the Court by either: (1) filing a Notice of Noncompliance; or (2) placing a joint call to chambers following the procedures outlined in Section I.B. of Judge Burkhardt's Civil Chambers Rules (available in the District Court's website).

**IT IS SO ORDERED.**

Dated: August 30, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

BAY MAR for ANTHONY MAR,
Plaintiff(s)

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,
Defendant(s)

Case No.: 18-cv-01015-W-JLB

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties ☐ Consent / ☐ Do Not Consent*

to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of all parties **and** counsel for all parties* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**REFERENCE ORDER**

**IT IS ORDERED:** This case is referred to United States Magistrate Judge Jill L. Burkhardt, to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and CivLR 73.1.

Date

United States District Judge

* Pursuant to Civil Local Rule 73.1, if (and only if) all parties have consented to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) in paper format at the Clerk's Office.